UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HERNANDO JAVIER VERGARA,**

    Petitioner,

v.                                               ***Case No.: 8:20-cv-1493-T-27TGW***
                                            ***Criminal Case No.: 8:16-cr-21-T-27TGW***

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** are Petitioner Vergara's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 3), the United States' Motion to Dismiss (cv Dkt. 6), and Vergara's Response (cv Dkt. 7). Upon review, Vergara's § 2255 motion is **DENIED**. The United States' Motion to Dismiss is **DENIED as moot**.

### BACKGROUND

In 2016, Vergara was indicted and charged with transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1) and (b)(1) (Count One), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (Count Two). (cr Dkt. 1). Following a bench trial, he was found guilty on both counts. (cr Dkt. 36). He was sentenced to 96 months imprisonment, followed by a life term of supervised release. (cr Dkts. 53, 62). His convictions and sentence were affirmed on appeal, and the Supreme Court denied his petition for writ of certiorari on October 1, 2018. (cr Dkts. 55, 68, 70); *see also United States v. Vergara*, 884 F.3d 1309 (11th Cir.), *cert. denied*, 139 S. Ct. 70 (2018).

1

Vergara filed his initial § 2255 motion on June 26, 2020. (cv Dkt. 1 at 7). He was directed to file an amended motion on the prescribed form, which he filed on July 14, 2020. (cv Dkts. 2, 3). He raises three grounds for relief, contending that under *United States v. Haymond*, 139 S. Ct. 2369 (2019), his life term of supervised release violates the Fifth, Sixth, and Eighth Amendments. (cv Dkt. 3 at 4-7). As the United States correctly contends, his claims are untimely. (cv Dkt. 6). The claims are, in any event, without merit.[1]

## DISCUSSION

In summary, Vergara is not entitled to relief because his claims are untimely and without merit. Specifically, his claims do not arise under *Haymond*, which is not retroactively applicable to cases on collateral review. Further, Eleventh Circuit precedent instructs that his term of supervised release does not violate the double jeopardy clause, his right to trial by jury, or the Eighth Amendment's prohibition against cruel and unusual punishment.

*Timeliness*

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations to file a § 2255 motion, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] An evidentiary hearing is unnecessary to resolve Vergara's claims, since the § 2255 motion "and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b).

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Vergara does not dispute that he failed to file his motion within one year of when his judgment of conviction became final.[2] Rather, he contends that "this issue is being raised under [*Haymond*], which had not been decided at that time." (cv Dkt. 3 at 4, 6, 7, 9, 11). He further asserts that *Haymond* announced a new rule of constitutional law that is retroactively applicable to cases on collateral review. (cv Dkt. 7 at 1-2). However, his contentions are without merit.

First, contrary to Vergara's assertions, courts have found that *Haymond* does not apply retroactively to cases on collateral review. *See, e.g.*, *United States v. Salazar*, 784 F. App'x 579, 584 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 1232 (2020) (noting that *Haymond*'s holding is procedural and finding that "a reasonable jurist could not debate the conclusion that *Haymond* is not retroactive and does not satisfy section 2255(f)(3)"); *see also In re Dixon*, No. 20-12327-C, 2020 U.S. App. LEXIS 21081, at *6 (11th Cir. July 7, 2020) (denying application for second or successive § 2255 motion); *In re Taylor*, No. 20-12330, 2020 U.S. App. LEXIS 20942, at *5 (11th Cir. July 6, 2020) (same). As the Eleventh Circuit explained in the § 2255(h)(2) context, "the Supreme Court has not made *Haymond* retroactively applicable on collateral review," and "precedent does not dictate that *Haymond* is retroactively applicable on collateral review because . . . the line of cases that *Haymond* relied on [is] not retroactive." *In re Dixon*, 2020 U.S. App. LEXIS 21081, at *6.[3]

---

[2] Vergara's judgment of conviction became final on October 1, 2018, when the Supreme Court denied his petition for writ of certiorari. (cr Dkt. 70); *see Washington v. United States*, 243 F.3d 1299, 1300-01 (11th Cir. 2001). He placed his initial § 2255 motion in the prison mailing system on June 26, 2020, more than one year later. (cv Dkt. 1 at 7); (cv Dkt. 1-1); *see Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

[3] Vergara's reliance on *United States v. Carpenter*, No. 17-15683-AA, 2019 U.S. App. LEXIS 26790 (11th Cir. Sept. 4, 2019), is unavailing. (cv Dkt. 7 at 2). In *Carpenter*, the defendant had filed a "Motion to Strike a Portion

3

Second, Vergara has not demonstrated that his claims arise under *Haymond*. *See id.* In *Haymond*, the Supreme Court held that a provision in 18 U.S.C. § 3583(k), which requires revocation of supervised release and a minimum term of five years imprisonment for sex offenders who commit certain crimes while on supervised release, violates the Fifth and Sixth Amendments. 139 S. Ct. at 2373. Unlike *Haymond*, however, Vergara argues that his term of supervised release violates the Fifth Amendment's double jeopardy clause, violates the Sixth Amendment because it exposes him to possible imprisonment without a jury verdict, and violates the Eighth Amendment because it allows for a penalty exceeding the statutory maximum sentence. *See* (cv Dkt. 3). Indeed, he does not claim that he is subject to mandatory revocation of supervised release and imprisonment based on a non-jury finding that he was a sex offender who committed a crime enumerated in § 3583(k).

Accordingly, he is unable to rely on § 2255(f)(3) to render his motion timely. And he does not contend there is any basis to toll the statute of limitations.[4] The motion is therefore untimely. However, even if Vergara's claims are not untimely, they are without merit.

---

of 18 U.S.C. § 3583(k) as Unconstitutional," which was denied by the district court. *See United States v. Carpenter*, No. 2:09-cr-36-FtM-29SPC, 2017 U.S. Dist. LEXIS 200347 (M.D. Fla. Dec. 6, 2017). On appeal, the Eleventh Circuit granted a joint motion to vacate judgment on revocation of supervised release, and remanded the matter for "further revocation proceedings, in light of the Supreme Court's recent decision in [*Haymond*]." *Carpenter*, 2019 U.S. App. LEXIS 26790, at *1. The Eleventh Circuit did not determine whether *Haymond* applies retroactively to cases on collateral review.

[4] Vergara's assertions do not support a finding of equitable tolling, which requires him to show that he untimely filed "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007) (citations omitted). He fails to show extraordinary circumstances and due diligence. Actual innocence also provides an exception to the statute of limitations "when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Gore v. Crews*, 720 F.3d 811, 817 (11th Cir. 2013) (citation omitted). Vergara does not present evidence to support such a finding.

*Ground One*

In Ground One, Vergara asserts that "Supervised Release Violates the 5th Amendment's Prohibition against Double Jeopardy." (cv Dkt. 3 at 4). He explains that "[s]upervised release must necessarily be applied only where the exact elements of another violation of law have to be proven, thus failing the Supreme Court's test to determine if a statute violates Double Jeopardy." (Id.); *see also* (cv Dkt. 3-1 at 2-4). These contentions are without merit.

The double jeopardy clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "This protection applies both to successive punishments and to successive prosecutions for the same offense." *United States v. Woods*, 127 F.3d 990, 991-92 (11th Cir. 1997) (citation omitted). Vergara cites no persuasive authority in support of his contention that his term of supervised release violates the double jeopardy clause because "[s]upervised release must necessarily be applied only where the exact elements of another violation of law have to be proven," or that "every time a supervised release revocation hearing is held, the defendant is, for a second time, third time, fourth time, ad infinitum time, subjected to jeopardy of life or limb." (cv Dkt. 3 at 4); (cv Dkt. 3-1 at 3). Rather, his term of supervised release has not been revoked. And as the Eleventh Circuit explained in *Woods*,

> revocation of probation for commission of a subsequent criminal offense does not constitute punishment for that criminal offense for purposes of double jeopardy; rather, revocation of probation constitutes a modification of the terms of the original sentence and implicates solely the punishment initially imposed for the offense conduct underlying that sentence.
> …
> [R]evocation of probation constitutes part of a defendant's original sentence and does not preclude subsequent prosecution for the criminal conduct that gave rise to the probation revocation.

5

127 F.3d at 992-93.[5] Moreover, following *Haymond*, the Eleventh Circuit has reiterated that "[p]unishment imposed upon the revocation of supervised release is a modification of the sentence imposed for the original offense; it is not punishment for the conduct that violated the terms of supervised release." *United States v. Paul*, 826 F. App'x 809, 814 (11th Cir. 2020) (rejecting double jeopardy challenge).

Accordingly, Vergara's term of supervised release does not violate the double jeopardy clause, and he is not entitled to relief on this ground.

***Ground Two***

In Ground Two, Vergara asserts that "Supervised Release Violates the 6th Amendment's guarantee of a right to trial by jury (due process)." (cv Dkt. 3 at 5). He explains:

> Supervised release exposes a defendant to revocation proceedings that carry penalty of additional prison time beyond his 96 month sentence without the benefit of a jury verdict. He has standing due to being sentenced to supervised release.

(Id.); *see also* (cv Dkt. 3-1 at 4-5). These contentions are without merit.

First, Vergara's supervised release has not been revoked. And he cites no persuasive authority in support of his contention that, following *Haymond*, the imposition of supervised release violates a defendant's right to a jury trial. Rather, the Eleventh Circuit has continued to uphold 18 U.S.C. § 3583(e)(3), which provides for revocation of supervised release. *See, e.g.*, *United States v. Walton*, 819 F. App'x 731, 733-34 (11th Cir. 2020); *United States v. Patterson*,

---

[5] In *Woods*, the Eleventh Circuit clarified that "[f]or purposes of our analysis within the framework of the Double Jeopardy Clause, there is no substantive distinction between revocation of probation and supervised release." 127 F.3d at 993 n.1.

No. 19-13716, 2020 WL 5946634, at *2-3 (11th Cir. Oct. 7, 2020). As the Eleventh Circuit explains,

> In *United States v. Cunningham*, [607 F.3d 1264 (11th Cir. 2010)] we held that § 3583(e)(3) does not violate the Fifth Amendment right to due process or the Sixth Amendment right to a jury trial. The violation of supervised release need only be proven by a preponderance of the evidence, and there is no right to trial by jury in a supervised release revocation hearing.
>
> [The defendant] argues that [Haymond] casts doubt on the constitutionality of § 3583(e), and thus our holding in *Cunningham*. In *Haymond*, the Supreme Court held that § 3583(k) violates the Fifth and Sixth Amendments because it imposes a new mandatory minimum sentence upon revocation of supervised release based on additional judge-found facts. But it clarified that its holding was "limited to § 3583(k)," and it explicitly did not address the constitutionality of § 3583(e) or (g). *Haymond* therefore does not overrule or abrogate our precedent in *Cunningham* regarding the constitutionality of § 3583(e).

*Walton*, 819 F. App'x at 733-34 (internal quotation marks, citations, and brackets omitted).

Accordingly, binding Eleventh Circuit precedent instructs that the imposition of supervised release does not violate Vergara's Sixth Amendment right to a jury trial, notwithstanding the possibility that the term might be revoked based on non-jury findings. He is therefore not entitled to relief on this ground.

### *Ground Three*

In Ground Three, Vergara asserts that "Supervised Release Violates the 8th Amendment's prohibition on Cruel and unusual punishment because it exposes a defendant to a prison term that goes beyond the statutory maximum for his crime." (cv Dkt. 3 at 7). He explains:

> Supervised release has not [sic] protections to prevent a defendant from serving prison time that exceeds the statutory maximum for his crime. Any prison time a defendant is sentenced to is considered to be a part of the original sentence, so a revocation that adds more than 24 Mos in this instance would place the defendant in prison beyond his maximum sentence.

7

(Id.); *see also* (cv Dkt. 3-1 at 5-6). These contentions are without merit.

First, Vergara's supervised release has not been revoked, and he does not explain how a term of imprisonment exceeding 24 months would "place [him] in prison beyond his maximum sentence." Indeed, although he was sentenced to 96 months and his sentencing guidelines range was 87 to 108 months, the statutory maximum term on Count One was 20 years. (cr Dkt. 47 ¶¶ 71-72). Second, he cites no authority in support of his contention that his term of supervised release violates the Eighth Amendment because it may result in a term of imprisonment exceeding his crimes' statutory maximum. Rather, the Eleventh Circuit has found that the possibility of a revocation of supervised release increasing a defendant's term of imprisonment beyond the statutory maximum does not violate the Fifth and Sixth Amendments. *See United States v. Horne*, 789 F. App'x 139, 142-43 (11th Cir. 2019). As the Eleventh Circuit explains:

> [The defendant] has shown no violation of his Fifth and Sixth Amendment rights when the district court imposed a new term of imprisonment that exceeded the statutory maximum sentence available for his original crime of conviction without conducting a jury trial.
>
> [He] requests a remand for resentencing, arguing that the Supreme Court's recent decision in [*Haymond*], cast fresh light on the constitutionality of § 3583(e)(3). We disagree. *Haymond* explicitly reserved the question of whether § 3583(e)(3) violates *Apprendi*. Because *Haymond* did not overrule or abrogate our precedent, [his] argument fails.

*Horne*, 789 F. App'x at 143; *see also Paul*, 826 F. App'x at 814-15.

And the Eleventh Circuit has upheld life terms of supervised release in child pornography cases. *See, e.g.*, *United States v. Moriarty*, 429 F.3d 1012, 1023-25 (11th Cir. 2005) (rejecting Eighth Amendment challenge); *United States v. Rosenthal*, 295 F. App'x 985, 988 (11th Cir.

8

2008).⁶ Indeed, Vergara faced a statutory minimum term of supervised release of 5 years to life, and his sentence was affirmed on appeal. (cr Dkt. 47 ¶¶ 76-78); *Vergara*, 884 F.3d at 1313; *see also Moriarty*, 429 F.3d at 1024 (noting that, "[i]n general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment" (citation omitted)). In summary, Vergara is not entitled to relief on this ground.⁷

### *Certificate of Appealability ("COA")*

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which requires Vergara to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (discussing standard for procedural rulings). I find that jurists of reason could not disagree with the resolution of Vergara's constitutional claims or the procedural rulings, or conclude that the issues presented are adequate to deserve encouragement to proceed further. Because he has not met the required standard, he is not entitled to a COA and cannot appeal *in forma pauperis*.

---

⁶ The Eleventh Circuit has further found that a life term of supervised release with a restriction on the use of computers does not violate a defendant's constitutional rights where the restriction is "tailored" to the offense of conviction and "reasonably related to legitimate sentencing considerations." *See, e.g.*, *United States v. Bobal*, No. 19-10678, 2020 WL 7021549, at *1, 4 (11th Cir. Nov. 30, 2020).

⁷ To the extent Vergara attempts to challenge the constitutionality of 18 U.S.C. § 3583 independent of the specific claims he raises, *see* (cv Dkt. 3-1 at 6), he does not identify the basis of his challenge and cites no authority in support. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (noting that conclusory, unsupported claims are insufficient). Any such claim is without merit and due to be denied.

9

## CONCLUSION

Petitioner Vergara's § 2255 motion is untimely and without merit. Accordingly, the motion is **DENIED** (cv Dkt. 3). The United States' Motion to Dismiss is **DENIED as moot**. (cv Dkt. 6). The Clerk is directed to enter judgment in the United States' favor and against Vergara, and to **CLOSE** this case.

**DONE AND ORDERED** this 1st day of December, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record